UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE FOSTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITRUS WORLD, INC., <br><br> Defendant. | Case No. 23-cv-04785-JD <br><br> **ORDER TO SHOW CAUSE** |

Counsel for plaintiffs and the putative class, attorneys Trenton Ross Kashima, Erin Johnson Ruben, and John Hunter Bryson, of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC, failed to appear at a hearing on the motion to dismiss regularly set for March 14, 2024. The absence was unexcused. The record indicates that the same attorneys failed to comply with the Court's order that they meet and confer with counsel for defendant to resolve an ambiguity in the complaint about the orange juice products in dispute. Dkt. No. 35.

These shortfalls are unnecessarily multiplying the proceedings in this case, and unduly burdening the Court and other parties with wasteful inefficiencies. The Court is particularly concerned about the inability of plaintiffs' counsel to identify the products that are the basis of their claims. Before the initial case management conference, defendant Citrus World advised counsel for plaintiffs that the complaint featured a product that was not available for sale at the time of the ostensible purchases and testing. *See* Dkt. No. 32 at 1. Attorney Kashima could not clear up this ambiguity at the conference, and so the Court ordered the meet and confer. Citrus World represents that plaintiffs' counsel did not meet and confer as ordered. Dkt. No. 38 at 1 n.2.

The responses filed by counsel for plaintiffs to the motion to dismiss compounded the confusion about the products in dispute. Counsel initially filed an opposition brief that re-affirmed plaintiffs' reliance on the unavailable product. Dkt. No. 36 at 1 n.1. Counsel then filed a self-

styled "Errata" that completely reversed course and purported to substitute an available product for the one that wasn't available. Dkt. No. 37 at 1.

This record raises troubling questions about the integrity and plausibility of the allegations in the complaint. It also indicates that counsel for plaintiffs are not handling this litigation with the professionalism and civility expected of all attorneys practicing in this District.

Consequently, attorneys Kashima, Ruben, and Bryson, of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC, are ordered to show cause in writing by March 29, 2024, why the case should not be dismissed for failure to prosecute, and why they should not pay Citrus World's attorney's fees and costs for attending the motion to dismiss hearing. The attorneys are advised that the Court will take their responses into account in deciding whether they should be referred to the District's Standing Committee on Professional Conduct for conduct sanctions, up to and including disbarment.

**IT IS SO ORDERED.**

Dated: March 15, 2024

JAMES DONATO
United States District Judge