UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE FOSTER, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>CITRUS WORLD, INC.,<br><br>　　　　　　Defendant. | Case No.  23-cv-04785-JD<br><br>**ORDER RE OSC** |

After multiple defaults by counsel for plaintiffs, namely attorneys Trenton Ross Kashima, Erin Johnson Ruben, and John Hunter Bryson, and their law firm, Milberg Coleman Bryson Phillips Grossman, PLLC, the Court entered an ordered to show cause why the case should not be dismissed.  Dkt. No. 42.  The defaults ranged from repeated instances of not following the Court's orders to a very troubling inability of counsel to identify the orange juice product that is the subject of the complaint.  The OSC details this record of poor performance.

The attorneys were given an opportunity to address the Court's concerns in writing and at a hearing held on May 30, 2024.  The response was underwhelming.  With respect to the failure to abide by the Court's orders, lead attorney Kashima blamed the law firm's calendaring system.  This excuse is questionable, as illustrated by the failure to meet and confer.  Because plaintiffs' counsel could not name the product in dispute with any degree of certainty, the Court directed both sides to discuss this problem and find a solution to it.  That never happened because counsel for plaintiffs did not follow the Court's order.  During the OSC hearing, attorney Kashima said the meet and confer did not take place because the calendaring system lost his entry about it.  But attorney Bryson said in the written response to the OSC that the meet and confer did not happen because plaintiffs' counsel assumed the issue was moot after they filed an opposition to a motion

to dismiss. Dkt. No. 43 at 3. These stories cannot be reconciled and are representative of the doubtful conduct of plaintiffs' counsel from the start of this case.

The inability of plaintiffs' counsel to name the orange juice product in dispute has been particularly problematic. Plaintiffs' counsel at the Milberg law firm have struggled with this in an unprecedented way, in the Court's experience. From the original complaint through the OSC hearing, plaintiffs' counsel have waffled and flip-flopped on the identity of the product, and taken overtly contradictory positions. This uncertainty raises concerns about due process and fairness to the opposing party in trying to respond to the complaint.

Overall, plaintiffs' counsel have not handled the case with the level of professionalism and competency expected of attorneys practicing in this District. This misfeasance has unduly burdened the Court and defendant with unnecessary proceedings and work. Although the Court would be well within bounds to dismiss the case under Federal Rule of Civil Procedure 41 and its inherent authority to manage the docket, it declines to do so at this time. The consequences imposed on plaintiffs' counsel are: (1) they will pay the reasonable attorney's fees and costs incurred by counsel for defendant for appearing at the motion to dismiss hearing plaintiffs skipped; and (2) if a class is certified, named counsel for plaintiffs, and the Milberg law firm, will be ineligible to apply for appointment as class counsel because the record in this case demonstrates that they cannot adequately and fairly represent the interests of a class. The details of these remedial measures will be developed as the case goes forward.

**IT IS SO ORDERED.**

Dated: May 31, 2024

JAMES DONATO
United States District Judge